UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re PAYMENT CARD INTERCHANGE : 
FEE AND MERCHANT DISCOUNT :
ANTITRUST LITIGATION :
 : 14-md-1720(MKB)(JO)
This Document Relates To: :
 : **ANSWER**
*Visa U.S.A. Inc. et al. v. Sears Holdings Corp.*, :
No. 14-cv-6450 (E.D.N.Y.) (MKB)(JO) :
-----------------------------------------------------------------x

Defendant Sears Holdings Corporation ("Sears" or "Defendant") answers the Complaint as follows:

## NATURE OF THE ACTION

1. Sears denies Paragraph 1 of the Complaint, except admits that Sears received money in the settlement of the action captioned *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-cv-5238 (E.D.N.Y.) (the "*Visa Check Litigation*" or "*Visa Check*"), and that class action lawsuits were subsequently filed against Visa and MasterCard in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-md-1720 (E.D.N.Y.) (the "*Interchange Fee Litigation*").

2. Sears denies Paragraph 2 of the Complaint, except admits that on November 27, 2012, this Court preliminarily approved the settlement in the *Interchange Fee Litigation* (the "Interchange Settlement") and provisionally certified two nationwide settlement classes under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3), and that on December 13, 2013, the Court finally approved the Interchange Settlement. Sears states that the Interchange Settlement speaks for itself. Sears states that *In re Payment Card Interchange Fee and Merchant*

1

*Discount Antitrust Litigation*, No. 05-md-1720, slip op. (E.D.N.Y. Dec. 13, 2013) speaks for itself.

3.　　Sears denies Paragraph 3 of the Complaint, except admits that it opposed the Interchange Settlement and opted out of the 23(b)(3) Settlement Class.

4.　　Sears denies Paragraph 4 of the Complaint, and states that the pleadings in the *Visa Check Litigation* and the *Interchange Fee Litigation* speak for themselves.

5.　　Paragraph 5 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 5 of the Complaint.

6.　　Paragraph 6 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 6 of the Complaint.

7.　　Paragraph 7 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 7 of the Complaint.

8.　　Sears denies Paragraph 8 of the Complaint.

## **JURISDICTION AND VENUE**

9.　　Paragraph 9 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 10 of the Complaint, except admits that Sears opted out of the 23(b)(3) Settlement Class.

11. Paragraph 11 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 11 of the Complaint, except admits that Sears conducts continuous and systematic business in New York and transacts business in New York.

12. Paragraph 12 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 12 of the Complaint, except admits that Sears transacts business in the Eastern District of New York.

13. Paragraph 13 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 13 of the Complaint and states that the *Visa Check* settlement speaks for itself.

14. Sears denies Paragraph 14 of the Complaint, except states that Visa's settlement with the *Visa Check* plaintiffs speaks for itself.

15. Paragraph 15 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent any further answer is required, Sears denies Paragraph 15 of the Complaint, except admits that Sears was a member of the settlement class in *Visa Check*.

## PARTIES

16. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 16 of the Complaint.

310504.1

17. Sears denies Paragraph 17 of the Complaint, except admits that Sears is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois; that Sears operates approximately 1,733 stores in the United States; that Sears' reported revenues for the second quarter of 2014 were approximately $7.8 billion; that Sears reported fiscal year 2013 revenues of approximately $36.2 billion; and that during the Damages Period, Sears accepted Visa-branded products, both credit and debit, in its stores and online.

## FACTUAL ALLEGATIONS

18. Sears admits Paragraph 18 of the Complaint.

19. Sears admits Paragraph 19 of the Complaint.

20. Sears denies that Visa's issuers and acquirers are "customers" of Visa. Sears admits the remainder of Paragraph 20 of the Complaint.

21. Sears admits Paragraph 21 of the Complaint.

22. Sears denies Paragraph 22 of the Complaint.

23. Sears denies Paragraph 23 of the Complaint, except admits that Visa has an "honor-all-cards" rule that requires any merchant that accepts Visa-branded General Purpose Credit Cards to accept all such General Purpose Credit Cards that carry the Visa brand, and that requires any merchant that accepts Visa-branded General Purpose Debit Cards to accept all such General Purpose Debit Cards that carry the Visa brand.

24. Sears denies Paragraph 24 of the Complaint, and states that Visa's rules and the *Visa Check* complaint speak for themselves.

25. Sears denies Paragraph 25 of the Complaint, including sub-parts (a) through (k), except admits that Visa has set default interchange rates higher for rewards-based card programs (subpart (j)) and that default interchange rules provide revenue to bank issuers (subpart (k)).

26. Sears denies Paragraph 26 of the Complaint.

27. Sears denies Paragraph 27 of the Complaint, and states that the *NaBanco* opinion speaks for itself.

28. Sears denies that Visa plays no part in any acquirer's pricing of the merchant discount fee. Sears admits the remainder of Paragraph 28 of the Complaint.

29. Sears denies Paragraph 29 of the Complaint, and states that Visa's rules speak for themselves.

30. Sears denies Paragraph 30 of the Complaint.

31. Sears denies Paragraph 31 of the Complaint.

32. Sears denies Paragraph 32 of the Complaint, except states that Sears lacks knowledge or information sufficient to form a belief as to how many merchants in the *Visa Check* class chose to stop accepting Visa or MasterCard offline debit card payments following the *Visa Check* settlement.

33. Sears denies Paragraph 33 of the Complaint, except states that the Eleventh Circuit's opinion in *National Bancard Corp. v. Visa U.S.A., Inc.* speaks for itself.

34. Sears denies Paragraph 34 of the Complaint, and states that Visa's rules speak for themselves.

35. Sears denies Paragraph 35 of the Complaint.

36. Sears denies Paragraph 36 of the Complaint.

310504.1

37. Sears denies Paragraph 37 of the Complaint.

38. Sears denies Paragraph 38 of the Complaint.

39. Sears denies Paragraph 39 of the Complaint, except admits that during the Damages Period, Visa maintained its own schedule of default interchange fees, and that those fees varied according to the characteristics of the payment card transaction submitted to the network for clearance and settlement. Sears also admits that Visa has set various interchange fee categories. Sears lacks knowledge or information sufficient to form a belief as to the number of different interchange rate categories that Visa and MasterCard had in 2009.

40. Sears denies Paragraph 40 of the Complaint, except admits that the default interchange fee paid by a merchant generally is determined by the categories applicable to that particular transaction.

41. Sears denies Paragraph 41 of the Complaint, except admits that many merchants purchase payment card processing services through ISOs and that ISOs sometimes purchase processing services from larger merchant acquirers for resale to their own merchant customers.

42. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 42 of the Complaint.

43. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 43 of the Complaint.

44. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 44 of the Complaint.

45. Sears denies Paragraph 45 of the Complaint.

46. Sears denies Paragraph 46 of the Complaint, but admits that following the outcome of *United States v. Visa U.S.A., Inc., et al.*, No. 98 Civ. 7076 (S.D.N.Y.) ("*U.S. v. Visa*"), Visa is barred from enforcing any exclusionary rules prohibiting issuers from issuing payment cards in the United States on any other payment network.

47. Sears denies Paragraph 47 of the Complaint, but admits that, following the outcome of *U.S. v. Visa*, Visa was precluded from enforcing any exclusionary rules prohibiting issuers from issuing American Express- or Discover-branded payment cards.

48. Sears admits Paragraph 48 of the Complaint.

49. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 49 of the Complaint.

50. Sears admits Paragraph 50 of the Complaint.

51. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 51 of the Complaint.

52. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 52 of the Complaint, except admits that as a result of the *Visa Check* settlement, Visa's honor-all-cards rule permits merchants to choose to accept all properly presented Visa-branded debit cards or all properly presented Visa-branded credit cards, or both.

53. Sears denies that the Interchange Settlement materially changed Visa's prohibition on surcharges involving Visa-branded transactions. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 53 of the Complaint.

54. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 54 of the Complaint, except states that the Dodd-Frank Wall Street Reform and Consumer Protection Act speaks for itself.

55. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 55 of the Complaint, except states that the consent decree Visa entered into with the U.S. Department of Justice to resolve *United States of America, et al. v. American Express Company, et al.*, No. CV-10-4496 (E.D.N.Y.) speaks for itself.

56. Sears denies Paragraph 56 of the Complaint.

57. Sears denies Paragraph 57 of the Complaint.

58. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 58 of the Complaint.

59. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 59 of the Complaint.

60. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 60 of the Complaint.

61. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 61 of the Complaint, except states that the Amended Visa S-1 speaks for itself.

62. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 62 of the Complaint.

63. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 63 of the Complaint.

64. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 64 of the Complaint.

65. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 65 of the Complaint.

66. Sears denies Paragraph 66 of the Complaint.

67. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 67 of the Complaint.

68. Sears denies Paragraph 68 of the Complaint.

69. Sears denies Paragraph 69 of the Complaint, and states that the Court's opinion speaks for itself.

70. Sears denies Paragraph 70 of the Complaint, except states that Sears lacks knowledge or information sufficient to form a belief as to whether, in the last two decades and since Visa's IPO, payment card transaction volume and concomitant use of payment card network services have increased substantially. Sears also lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning payment card transaction volumes and spending statistics.

71. Sears denies Paragraph 71 of the Complaint.

72. Sears denies Paragraph 72 of the Complaint.

73. Sears denies Paragraph 73 of the Complaint.

74. Sears denies Paragraph 74 of the Complaint, except states that Sears lacks knowledge or information sufficient to form a belief as to the truth of the allegation that, from 2004 to 2008, credit and charge card purchase volume increased by approximately 26% for

MasterCard, approximately 53% for American Express, approximately 44% for Discover, and approximately 35% for Visa.

75. Sears lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 75 of the Complaint.

76. Sears denies Paragraph 76 of the Complaint.

77. Sears denies Paragraph 77 of the Complaint, except states that the *Visa Check* complaint and Memorandum in Support of Plaintiffs' Motion for Summary Judgment speak for themselves.

78. Sears admits Paragraph 78 of the Complaint.

79. Sears denies Paragraph 79 of the Complaint and states that the *Visa Check* settlement speaks for itself.

80. Sears denies Paragraph 80 of the Complaint and states that the *Visa Check* settlement speaks for itself.

81. Sears admits Paragraph 81 of the Complaint.

82. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 of the Complaint.

83. Paragraph 83 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 85 of the Complaint.

86. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 of the Complaint.

87. Paragraph 87 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 89 of the Complaint.

90. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 of the Complaint.

91. Paragraph 91 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 92 of the Complaint.

310504.1

93. Paragraph 93 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 93 of the Complaint.

94. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 of the Complaint.

95. Paragraph 95 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 97 of the Complaint.

98. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 of the Complaint.

99. Paragraph 99 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 100 of the Complaint.

310504.1

101. Paragraph 101 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 101 of the Complaint.

102. Sears incorporates its responses in Paragraphs 1 through 81 above to every allegation contained in Paragraphs 1 through 81 in the Complaint.

103. Paragraph 103 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint is a request for relief to which no responsive pleading is required. To the extent that any further answer is required, Sears denies Paragraph 105 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

106. The Complaint, and every claim therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

107. Plaintiffs' claims are barred because Plaintiffs lack standing.

## THIRD AFFIRMATIVE DEFENSE

108. Plaintiffs' claims are barred by unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

109. Plaintiffs' claims are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

110. Plaintiffs' claims are barred by waiver.

### SIXTH AFFIRMATIVE DEFENSE

111. Plaintiffs' claims are barred by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

112. Plaintiffs' claims are barred in whole or in part for the reasons set forth in the Third Amended Complaint in the action captioned *7-Eleven, Inc. v. Visa Inc.*, No. 13-cv-05746(MKB)(JO), 14-md-1720 (MKB)(JO) (E.D.N.Y.), and the appropriate forum for the trial of the claims asserted in the Third Amended Complaint is the United States District Court for the Southern District of New York.

### EIGHTH AFFIRMATIVE DEFENSE

113. The Complaint constitutes an improper use of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

DATED: New York, New York
January 30, 2015

                                   CONSTANTINE CANNON LLP

                                   By:     /s    
                                        Jeffrey I. Shinder
                                        Gary J. Malone
                                         A. Owen Glist
                                        David A. Scupp
                                335 Madison Avenue, 9th Floor
                                New York, New York 10017
                                Telephone: (212) 350-2700
                                Facsimile: (212) 350-2701
                                Email: jshinder@constantinecannon.com

                                *Attorneys for Defendant Sears Holdings Corporation*

15

310504.1